The State v. Bradley.

---

## THE STATE v. BRADLEY.

### [And Eight Other Cases on the Same Facts.]

1. CRIMINAL PLEADING: *Former jeopardy: Evidence.*

In cases where former jeopardy may be pleaded in bar of a second prosecution for the same offense, a record which shows that jeopardy has once attached is sufficient to bar further prosecution, though no final judgment be entered; except in cases where the defendants may be twice tried for the same offense. In such cases it must be shown that the case is ended.

The State v. Bradley.

2. SAME: *Former acquittal: Evidence.*

A plea of former acquittal, in a case punishable by fine only, is not sustained by a record entry at a previous term showing that by consent a verdict of not guilty was entered in the case, but that judgment was to abide the decision of the Supreme Court in a like case, without further showing that the Supreme Court had decided the case referred to favorably to the pleader.

APPEAL from *Bradley* Circuit Court.
Hon. J. M. BRADLEY, Circuit Judge.

*Dan W. Jones,* Attorney General, for Appellant.

No verdict was in reality returned. See *Bouvier Law Dict.* No jury had been empanelled to return a verdict nor had the alternative provided in such an event by Sec. 2184 Mansf. R. S. been complied with. The agreement was merely, that the cases should depend for their ultimate determination upon the decision in the Wade case, and should be governed by the rules affecting it as an agreement and not by the legal consequences attendant upon a mistaken name applied to it. The plea did not show that the case was at an end, as was necessary. *Bish. Cr. P., Sec. 815.*

COCKRILL, C. J. The Appellee was indicted for betting at cards. At the same time a number of other persons were indicted for the like offense. They appeared and the following order was entered, viz: "By consent of counsel for Plaintiff and Defendants, it is by the Court ordered that a verdict of not guilty be entered in each of the following cases, to-wit": Here follows a list of cases numbered from 107 to 117 inclusive, except 108 and 109, among them the case against the Appellee. The order then continues as follows: "And that the judgment in these cases abide by the decision of the Supreme Court of Arkansas in case numbered 409, State of Arkansas v. Henry Wade."

At the second term after the entry of this order the Appellee filed a plea of former acquittal of the offense charged in the indictment, and relied upon the record entry cited above to verify it: A demurrer to the plea was overruled, and the State resting, judgment was entered discharging the defendant. The State prosecutes this appeal.

It is evident from the record relied upon by the Appellee to sustain his plea that the charge against him has not been finally disposed of. By agreement, as the record shows, the judgment was held in abeyance by the Court and was made contingent upon a future event. The right to postpone a rendition of judgment to another time after a trial and verdict by jury is recognized by Statute (*Mans. Rev. Sts., Sec. 2296*,) and in a case like this where the only punishment that can be inflicted is a fine, the Court may set aside the verdict and again put the Defendant upon trial. *Taylor v. State, 36 Ark., 84.*

It cannot be claimed that the record in this case puts the Defendant in any better attitude than a favorable verdict from a jury would have done.

In cases where a former jeopardy may be pleaded in bar of a second prosecution for the same offense, a record which shows that jeopardy has once attached is sufficient to operate as a bar. A judgment is not indispensable for that purpose. *1 Bish. Cr. Pr., Sec. 815.* A verdict is in such cases sufficient. It may be that no more is required in any case; but where the Defendant may be twice put upon trial for the same offense, a record which affirmatively shows that he has not in fact been acquitted or convicted, is not a bar to a further prosecution. It is necessary to show that the case is ended.

The order relied upon here partakes more of an agreement of record than of a judicial determination. It was made by consent and was for the benefit of all parties concerned. Its plain interpretation is to make the Wade case a test of this and

*1. CRIMINAL PLEADING.*
*Former jeopardy.*

the others embraced in its terms, and thus save the annoyance and expense of an appeal in each case. The Appellee must stand by the record as a whole. He cannot take the benefit of that which is favorable and discard the rest; and we cannot presume that the order was intended to be more favorable to either party than they have elected to have the record express. The parties have chosen to abide the result of the Wade case in this Court, and until that case has been determined the State could not prosecute the Defendant further, and the Defendant could not demand a judgment of acquittal or discharge under the order. Upon a showing by the Defendant that there has been a decision in the Wade case favorable to him, it would be the duty of the Court to enter a judgment of acquittal on the agreed verdict. If the decision was for the State, the Court should set aside the verdict, so-called, upon the application of the prosecuting attorney, and try the case. Neither party can claim an advantage by reason of the order, without showing a disposition of the Wade case in his favor. The Appellee did not undertake in his plea to do this, but claimed that the order *proprio vigore* discharged him. It did not have that effect.

It is in the interest of fair dealing, as well as of the speedy and cheap administration of justice, that such agreements be rigidly adhered to by the parties and enforced by the courts. The Circuit Court erred in overruling the demurrer. Let the judgment be reversed and the case remanded, with instructions to overrule the demurrer and proceed as here indicated.